IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Rowan Thompson, #253435, | ) CIVIL ACTION NO. 9:10-2381-HFF-BM |
| Plaintiff, | ) |
| v. | ) |
| Sharon Patterson, D.H.D., and Warden Anthony Padula, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time of filing was an inmate with the South Carolina Department of Corrections (SCDC),[1] alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 20, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 21, 2011, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on May 23, 2011, following which the Defendants filed a reply memorandum on June 3, 2011.

---

[1] Plaintiff has now been released from custody. See Court Docket No. 21 (Change of Address Form).



- 1 -

Defendants' motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified complaint[3] that the Defendant Sharon Patterson (a Disciplinary Hearing Officer) violated his constitutional rights "by stripping me out completely due to a [ ] masturbation charge." Plaintiff alleges that even though strip celling is not a sanctioning option provided for in SCDC Policy OP-22.14, on July 27, 2009 Patterson sent Correctional Officers Mims and Lucky to strip out his cell, which included taking his mattress, hygiene products, legal materials and other items. Plaintiff alleges that this status continued for a period of two months, causing him severe back and neck injuries and mental anguish. Plaintiff further alleges that, in addition to being unauthorized, Patterson's actions were retaliatory because Plaintiff had filed grievances on her before.

Plaintiff alleges that the conditions of his confinement were observed by Nurse Pratt, who submitted a declaration on Plaintiff's behalf, as did the inmate housed next to him. Plaintiff alleges that Patterson's order resulted in him experiencing severe and chronic back and neck pain, which prevents him from performing some daily activities such as exercising and reading. Plaintiff alleges that he wrote prison officials concerning his situation, and that he specifically wrote the

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



Defendant Warden Padula on August 19, 2010 requesting the return of his mattress and belongings, but that he never received a response from Warden Padula. Plaintiff seeks monetary damages. See generally, Verified Complaint.

Plaintiff has attached to his Complaint a copy of a Step 1 Grievance Form dated August 3, 2009 in which he complains about Patterson's conduct. See Lee C.I. 2136-09. This grievance was denied by Warden Padula on October 3, 2009. Plaintiff has also submitted a copy of a Step 2 Grievance dated October 22 or 23, 2009, showing a response that Plaintiff's grievance was being upheld with the notation:

> Your grievance has been reviewed. In your grievance you stated that D. H. O. Patterson strip celled you for 72 hours as part of her disciplinary sanctions for your 8.54 conviction on 7/22/09. Strip celling is not a sanctioning option noted in SCDC Policy OP-22.14, Inmate Disciplinary System. Please be advised that all disciplinary hearing officers have been instructed that this practice will cease. Therefore, your grievance is upheld.[4]

Plaintiff has also submitted a copy of an affidavit from Inmate Thomas Fair, Jr., supporting Plaintiff's claim that he was strip celled, as well as a copy of an affidavit purportedly from Nurse Pratt in which he attests that he observed Plaintiff "resting daily on pure concrete (no mattress) every time I bring him his meds." See, Plaintiff's Exhibits.

In support of summary judgment in the case, the Defendants have submitted an affidavit from Ann Hallman, who attests that she is an Inmate Grievance Administrator with the

---

[4]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc., 425 F.2d 1296; see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).



SCDC, and that she is familiar with the grievance Plaintiff filed in this case. Lee C.I. 2136-09. Hallman attests that a final agency response was issued to this grievance on May 12, 2010. Hallman attests that Plaintiff's grievance does not include any claim that any actions taken against him were based on retaliation, and that Plaintiff has therefore not exhausted any claim for retaliation. See generally, Hallman Affidavit.

The Defendant Patterson has submitted an affidavit wherein she attests that she is a Disciplinary Hearing Officer at the Lee Correctional Institution, where Plaintiff was housed. Patterson attests that as a DHO, she hears all of the Level 1 and Level 2 offenses charged against inmates, such as exhibitionism/public masturbation, that are documented by corrections officers. Patterson attests that she has an independent decision making role separate and distinct from the charging officers, and that her decisions are not controlled or influenced by other prison employees or the prison administration.

Patterson attests that the incident at issue in Plaintiff's Complaint occurred on July 11, 2009. See also, attached Incident Report. Patterson attests that Plaintiff refused to sign the form acknowledging his notification of receipt of the charges (exhibitionism/public masturbation). See also, attached Disciplinary Report and Hearing Record. Patterson attests that she held a hearing on Plaintiff's charge of exhibitionism/public masturbation on July 27, 2009, which is a Level 2 offense under the Department's disciplinary code. Plaintiff was found guilty of the offense, and Patterson attests that, due to the fact that Plaintiff had an extensive history of exhibitionism/public masturbation convictions, she felt a further sanction above and beyond the 180 days of canteen, phone and visitation restrictions was warranted, so she also imposed a sanction of having Plaintiff's cell stripped for 72 hours in order to control Plaintiff's behavior and deter his disobedient conduct.



See also, attached copy of Plaintiff's Disciplinary History. Patterson attests that she believed she had the authority to hand down this sanction, but that on the same day the sanction was handed down it was immediately rescinded. As such, Plaintiff's property was returned to him later that same day, July 27, 2009. See generally, Patterson Affidavit with attached exhibits.

The Defendants have also submitted an affidavit from Sgt. E. Lucky, who attests that he is assigned to the Lee Correctional Institution's Special Management Unit ("SMU"), and that he is familiar with the allegations of Plaintiff's Complaint. Lucky attests that he accompanied Plaintiff to his disciplinary hearing on July 27, 2009, and that Plaintiff was convicted by the Defendant Patterson of exhibitionism/public masturbation and was given several sanctions. Lucky attests that he was asked to assist in the carrying out of one of Plaintiff's sanctions, which was the stripping of Plaintiff's cell of all his property, except for a security blanket, a gown and underwear for 72 hours. Lucky attests that Plaintiff was escorted back to his cell just after 12:30 in the afternoon, and the process of stripping down Plaintiff's cell was begun. See also, attached SMU Log Book Notes. However, Lucky attests that later that same day, just before his shift ended, he was informed by the Captain in charge that Plaintiff was to be taken off of strip cell status and his property, including his mattress, was to be returned. Lucky attests that Plaintiff was then given his property back, as is referenced in the SMU Log Book Notes. Lucky attests that Plaintiff was without his property for less than 6 hours as is evidenced by the SMU Log Book Notes. See generally, Lucky Affidavit with attached exhibits.

The Defendants have also submitted an affidavit from Marcus Pratt, who attests he is Licensed Practical Nurse employed at the Lee Correctional Institution. Pratt attests that he has learned that Plaintiff has attached a Declaration to his Complaint that is purported to have been



signed by him, and which purports to state that he [Pratt] had seen Plaintiff resting daily on pure concrete with no mattress. Pratt attests that he was provided with a copy of this purported Declaration with his alleged signature, and that he does not recall executing this Declaration. See generally, Pratt Affidavit.

Finally, the Defendants have submitted a copy of Plaintiff's medical summary reflecting the health care received by Plaintiff during the relevant time, and have also attached a copy of SCDC Policy/Procedure OP-22.12 to their reply memorandum.

As attachments to his memorandum in opposition to summary judgment, Plaintiff has again submitted a copy of his Step 1 and Step 2 Grievances in Grievance No. Lee CI 2136-09. Plaintiff has also submitted Step 1 Grievance forms from August 2007 and November 2006 relating to previous claims and/or complaints Plaintiff had about the conditions of his confinement at the Lee Correctional Institution, and some Request to Staff Member Forms from January and July 2007, all of which concern matters which occurred two to three years prior to the incident alleged in this lawsuit. Plaintiff has also attached a Request to Staff Member Form dated July 30, 2009(addressed to Mental Health) wherein Plaintiff complains about Patterson having ordered the stripping out of his cell. Plaintiff is advised in the Response Section of this form to file a grievance if he believes his rights were violated. See generally, Plaintiff's Exhibits.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the



pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

    Plaintiff alleges his constitutional rights were violated and seeks monetary damages against the Defendants because an improper sanction (the stripping out of his cell, of his mattress and all of his belongings) was imposed on him by the Disciplinary Hearing Officer following a disciplinary conviction. Plaintiff alleges that this was not a sanction provided for by prison policy, a contention which the evidence shows was upheld on appeal. However, the violation of a prison rule or policy by prison officials does not by itself constitute a violation of the Constitution, or of a prisoner's constitutional rights. Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]); see also Scott v. Hamidullah, No. 05-3027, 2007 WL 904803 *5 n.6 (D.S.C. Mar. 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's



allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469). Therefore, the fact that the sanction imposed by the Defendant Patterson as a result of Plaintiff's disciplinary conviction was not a sanction allowed by the applicable prison policy does not mean, ipso facto, that a violation of Plaintiff's constitutional rights occurred. Rather, Plaintiff must show that the sanction imposed was itself a constitutional violation. The evidence before this Court is not sufficient to give rise to a genuine issue of fact as to whether the sanction imposed in this case amounted to a violation of Plaintiff's constitutional rights.

First, with respect to Plaintiff's personal property, although prisoners may pursue property deprivation claims against state officials under § 1983 under some circumstances, such is where the deprivation is pursuant to an official policy, such is not the case under the facts presented here. There is no allegation, nor any evidence, that any prison policy at issue allows correctional officers to mishandle an inmate's personal property. Indeed, the evidence conclusively establishes, as argued by the Plaintiff, that the prison policy at issue *did not* allow for the confiscation of Plaintiff's personal property in this case, and any confiscation based on negligence or a mistaken belief does not state a constitutional claim. See Lawrence v. Swanson Inmate Commissary Services, No. 97-6429, 1998 WL 322671 (4th Cir. June 4, 1998) [deprivation claims as a result of negligence fail to set forth a claim of constitutional magnitude]; Buchanan v. Oklahoma, 398 Fed. Appx. 339, 342 (10th Cir. 2010); Jones v. Ancrum, No. 06-2432, 2007 WL 2891430 at * 10 (D.S.C. Sept. 27, 2007); cf. Davidson v. Cannon, 474 U.S. 344, 347 (1986); Daniels v. Williams, 474 U.S. 327, 331 (1986). Further, while the evidence reflects that Plaintiff's personal property was promptly returned



to him, even if this Court were to assume for purposes of summary judgment that Plaintiff's personal property was somehow lost or mishandled by correctional officers as a result of this incident, such conduct does not amount to a constitutional claim. Because South Carolina has an adequate post-deprivation remedy for an alleged deprivation of property, Plaintiff's due process rights were not violated, even if it is assumed a correctional officer lost or mishandled his personal property. See S.C.Code Ann. § 15-69-10, et. seq.; Hudson v. Palmer, 468 U.S. 517-518 (1984); McIntyre v. Portee, 784 F.2d 566-567 (4th Cir. 1986); see also Timmons v. Sims, No. 11-245, 2011 WL 1134305 (D.S.C. Mar. 28, 2011); Ricci v. Paolino, No. 91-1994, 1992 WL 63521 at **2 - **3 (1st Cir. April 1992). Cf. Longmoor v. Nilsen, 329 F.Supp.2d 289 (D.Conn. July 23, 2004).

With respect to Plaintiff's claim concerning his mattress, it is clear that merely being deprived of a mattress for a short period of time (all that was ordered by Patterson) does not amount to a per se violation of a prisoner's constitutional rights where there is no resulting serious injury. Cf. Grissom v. Davis, 55 Fed.Appx. 756, 757-758 (6th Cir. 2003) [No violation where Plaintiff endured seven day mattress restriction but suffered no more than a de minimis physical injury]; see also Schroeder v. Kaplan, No. 93-17123, 1995 WL 398878, * 2 (9th Cir. July 7, 1995)[No mattress for approximately one month held not to be unconstitutional]. However, being deprived of a mattress for several months could, under some circumstances, rise to the level of a constitutional violation; cf. James v. Davis, No. 05-2733, 2006 WL 2171082, at * 2 (D.S.C. July 31, 2006); and Plaintiff alleges that he was without a mattress for two (2) months, a claim arguably supported by some of the other exhibits. See Plaintiff's Exhibit [Request to Staff Form dated July 30, 2009]; Grievance No. Lee CI 2136-09; see also Defendant's Exhibit Three. However, even assuming Plaintiff's time frame to be true for purposes of summary judgment, he has not established



- 9 -

entitlement to any relief.

First, although Plaintiff alleges that he incurred a back and neck injury because of the deprivation alleged in this case, the medical records provided to this Court fail to reflect any significant problem with Plaintiff's neck or back, or the diagnosis of a serious back or neck condition. Indeed, Plaintiff's documented medical complaints during the relevant time period primarily related to other ailments. See Court Docket No. 34-5, at pp. 25-31. Plaintiff has provided no medical evidence to support his claim of a serious back or neck injury, or that any such injury was caused by not having a mattress in his cell. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim]. Therefore, Plaintiff has failed to submit any facts or evidence to show that he incurred a compensable injury due to the lack of a mattress. Eady v. Sawyer, No. 02-1225, 2005 WL 2206249, at *5 (S.D.Ill. Sept. 12, 2005) [case dismissed where, although Plaintiff may have experienced some discomfort, he made no viable claim of physical harm suffered due to temporary lack of mattress or pillow]; see Rankin v. Klevenhagen, 5 F.3d 103, 108 (5th Cir. 1993)[certainly some injury is required]; Thaddeus-X v. Wozniak, No. 99-1720, 2000 WL



712383 at **3 (6th Cir. May 23, 2000)[Plaintiff must show he suffered more than de minimis injury]; Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)[Without proof of more than de minimis physical injury, Plaintiff cannot maintain his claim]; Grissom, 55 Fed. Appx. at 757-758 [Finding complaint subject to dismissal where Plaintiff failed to present any evidence that mattress restriction caused her to suffer serious harm]; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)[To demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment conditions claim, a prisoner must produce evidence of a serious or significant injury resulting from the challenged conditions]; cf. Beverati v. Smith, 120 F.3d 500, 505, n. 5 (4th Cir. 1977)[finding that inmate's alleged confinement for six months in deplorable conditions failed to state Eighth Amendment claim where there was no evidence that conditions "resulted in serious physical or emotional injury or the grave risk of such harm"].

This lack of evidence of a constitutionally compensable injury is fatal to Plaintiff's claim for monetary damages. Holley v. Johnson, No. 08-629, 2010 WL 2640328 at * * 9-15 (W.D.Va. June 30, 2010)[noting that while excessive force claim does not require showing of a significant injury, condition of confinement claim does]. If Plaintiff was *still* without a mattress, he might be able to obtain injunctive relief to be provided with one, even in the absence of any compensable damages. Cf. Muhammad v. Director of Corrections, No. 07-375, 2008 WL 958075 (E.D.Cal. Apr. 8, 2008)[Noting that injunctive relief may be available to obtain a mattress under some circumstances]. However, Plaintiff does not allege that he is currently without a mattress, and in fact is no longer even in custody. Therefore, the evidence relating to Plaintiff's mattress deprivation allegations fails to establish a viable constitutional claim.

Further, even if this Court were to find the evidence presented to be sufficient to give



- 11 -

rise to a genuine issue of fact as to whether a compensable constitutional violation occurred as a result of Plaintiff being denied a mattress for two months (Plaintiff's claim), the Defendants are still entitled to summary judgment, as it is readily apparent that Patterson only ordered that Plaintiff be deprived of his mattress for seventy-two hours. There are no facts alleged to show that Patterson was responsible for a two month deprivation, even assuming such a deprivation occurred.[5] Nor is Padula liable for such a claim. Plaintiff alleges that he argued to Padula that Patterson did not have the authority to impose the seventy-two hour strip cell sanction. However, even though Padula denied Plaintiff's grievance appeal, the fact that Padula was wrong about Patterson's authority to impose such a sanction does not make him liable for Plaintiff being denied use of a mattress for two months. Nowhere in the evidence is there any indication that Padula either ordered or approved such an action. See Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009)[Prison warden may be liable under § 1983 only if the warden is personally involved in, or directly responsible for, the prisoner's plight].

   Finally, by reaching the conclusion that no compensable *constitutional* violation has been shown in the evidence, the undersigned does not intend to signal a lack of concern over

---

[5] Plaintiff's conclusory and bare boned claim that the reason Patterson wanted his cell to be stripped out was because he was being retaliated against for filing grievances, by itself and without any supporting facts or evidence, also fails to state a claim, even if Plaintiff had otherwise administratively exhausted such a claim. See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curium) [speculative and conclusory allegations cannot support retaliation claim]; LaCroix v. Williams, No. 97-0790, 2000 WL 1375737 at *4 (W.D.N.Y. Sept. 21, 2000) ["Plaintiff's conclusory allegations aside, there is simply nothing in the record to support his version of the facts and plaintiff's claim for retaliation fails"]; Woods v. Edwards, 51 F.3d 577, 580-581 (5th Cir. 1995) [summary judgment affirmed where inmate offered no evidence other than his personal belief that the alleged retaliatory actions were based on his exercise of his rights]; Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995)[case dismissed where Plaintiff produced nothing beyond his own conclusory allegations suggesting that prison official's actions were motivated by a retaliatory animus].



Plaintiff's claim that he was not provided with a proper mattress to sleep on for up to two (2) months. Prison officials should strive to provide prisoners with adequate living arrangements, even accepting that prisoners will often times make this goal difficult and even costly. This does not, however, mean that a violation of the Constitution has occurred. Hence, while Plaintiff may have some state law claim he could pursue with regard to not having been provided with a mattress for an extended period of time (if he is able to prove such a claim), absent some evidence of a significant injury suffered by the Plaintiff as a result of conditions deemed to be unconstitutional, or other accompanying factors not present in this case, the undersigned does not find that Plaintiff has presented a genuine issue of fact as to whether his constitutional rights were violated sufficient to survive summary judgment. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; see Paul v. Davis, 424 U.S. 693, 701 (1976) [not every claim which may set forth a cause of action under a state tort law is sufficient to set forth a claim for a violation of a constitutional right].[6]

---

[6] Defendants also argue in their motion that, as the Hearing Officer in Plaintiff's case, Patterson's actions were functionally comparable to that of a judge in a typical judicial proceeding, and that in imposing Plaintiff's sentence, Patterson was involved in the performance of a judicial or quasi judicial function. Defendants argue that Patterson is therefore entitled to absolute immunity from liability for any mistakes of judgment she may have made, whether of law or fact, citing to Ward v. Johnson, 690 F.2d 1098, 1105 (4th Cir. 1982); see also Butz v. Economou, 438 U.S. 478 (1978). Defendants further argue that the Defendant Padula served as an appellant official in this process. However, more recent caselaw stands for the proposition that these Defendants are only entitled to qualified immunity for their actions under the circumstances presented here. Cf. Tulloch v. Coughlin, 50 F.3d 114, 116-117 (2nd Cir. 1995); Cogdill v. Hunt, No. 08-1037, 2009 WL 577873, at * 8 (D.S.C. March 5, 2009); Joyner v. Ozmint, No. 09-2524, 2010 WL 3783244, at n. 3 (D.S.C.
(continued...)



**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 14, 2011
Charleston, South Carolina



---

⁶(...continued)
April 6, 2010). However, since there is no evidence showing that either of these two Defendants was responsible for a mattress deprivation of two (2) months; see, discussion, supra, it is not necessary to resolve this issue at this time. Cf. James, 2006 WL 2171082 [Being deprived of a mattress for several months could, under some circumstances, rise to the level of a constitutional violation]; Mohammed, 2008 WL 958075 [Injunctive relief may be a available in mattress deprivation cases].

- 14 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).